■ In the Matter of THOMAS FERGUSON, Petitioner, v JOHN D. DEROOS, as Chief Executive Officer of the New York City Transit Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent authority, dated April 14, 1978, and made after a hearing, as found petitioner guilty of certain charges of misconduct and terminated his employment. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements. There was substantial evidence to support the finding of petitioner's guilt and the measure of punishment imposed was not so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Mollen, P. J., Titone, O'Connor and Mangano, JJ., concur.

■ In the Matter of the INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant, v ARMAND A. GRANITO et al., Constituting the Board of Zoning Appeals of Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead, dated September 19, 1978, which granted to respondents Cohn and G. E. P. General Corporation a variance from the minimum lot area requirement for two-family houses, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered March 19, 1979, which dismissed the petition. Judgment affirmed, without costs or disbursements (see *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 5-7; *Matter of Devore v Cazalet,* 68 AD2d 17, 22). In our opinion, the determination of the respondent Board of Zoning Appeals is supported by substantial evidence (see *Matter of Cowan v Kern,* 41 NY2d 591, 598). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.

■ In the Matter of ALISA R. KANTOR, Respondent, v RICHARD P. SCHMIDT, Individually and as the Present President of the State University of New York at Stony Brook, Appellant.—In a proceeding pursuant to CPLR article 78 to compel Richard P. Schmidt, president of the State University of New York at Stony Brook, to grant, produce and deliver to the petitioner a Baccalaureate Degree in Arts, the appeal is from a judgment of the Supreme Court, Kings County, dated August 20, 1979, which granted the petition and directed the appellant to approve, authorize and confer upon the petitioner the degree of Bachelor of Arts *nunc pro tunc* as of May, 1979. Judgment affirmed, with costs. Despite the statement in Special Term's memorandum decision that this article 78 proceeding previously had been converted to a declaratory judgment action, the judgment actually rendered makes no declaration and grants mandamus-type relief. Special Term's difficulty undoubtedly derived from the fact that petitioner improperly attached to her petition a previously dismissed complaint for declaratory relief in the United States District Court. Since an article 78 proceeding was the proper remedy, we now reconvert the matter to such a proceeding and affirm the grant of the requested relief. Petitioner is entitled to relief solely on the ground that the appellant failed to comply with a regulation of the Commissioner of Education. The university was required to make adequate provision "to record student progress toward the achievement of requirements, and to inform students periodically of their progress and remaining obligations" (see 8 NYCRR 52.2 [b] [4]). Since this regulation was not complied with in petitioner's case and she completed 120 credits, she was entitled to receive her degree. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.